# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST | : | Case No. |
| a/s/o Brett Tevepaugh and Megan Sulc | : | Judge: |
| 1 Federal Street, Suite 400 Boston, MA 02110 | : | Magistrate: |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT FOR:** |
| v. | | **1. STRICT PRODUCT LIABILITY** |
| | : | **2. NEGLIGENCE** |
| DRAGON GEAR INC., | | **3. BREACH OF WARRANTY** |
| d/b/a GOBI HEAT | : | **4. FAILURE TO WARN** |
| 301 Immigrant Trail Severance, CO 80550 | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES the Plaintiff, Homesite Insurance Company of the Midwest, ("Homesite"), as subrogee of Brett Tevepaugh and Megan Sulc, ("Insureds"), by and through counsel, complains of Defendants, Dragon Gear Inc., d/b/a Gobi Heat ("Dragon Gear"), and for its Complaint, states the following:

### **PARTIES**

1. At all times relevant, Plaintiff was a Massachusetts corporation with its principal place of business located at 1 Federal Street, Suite 400, Boston, MA 02110, and was duly authorized to conduct business in the State of Ohio as an insurance company.

2. At all times relevant, Dragon Gear is an apparel company located at 301 Immigrant Trail, Severance, CO 80550 that advertised, sold, packaged, and placed into the stream of commerce heated clothing bearing the name "GOBI Heat." This included heated jackets that are powered by a battery pack.

3. At all times relevant, Homesite provided a policy of insurance to the Insureds which provided indemnification and reimbursement for damage to their structure, contents, and additional living expenses.

4. At all times relevant, the Insureds resided at 16455 Lucky Bell Road, Chagrin Falls, Ohio 44023.

## JURISDICTION AND VENUE

5. The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 as Plaintiff Homesite, its Insureds, and Defendant Dragon Gear are citizens of different states and the amount in controversy exceeds $75,000.

6. Personal Jurisdiction of this Court is proper because Defendant Dragon Gear has sufficient minimum contacts with the Northern District of Ohio.

7. Venue is proper in the United States District Northern District Court of Ohio, pursuant to 28 U.S.C. §1391(a)(1), because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, and because a substantial part of property that is the subject of the action is situated within the Northern District of Ohio.

## FACTUAL ALLEGATIONS

8. Upon information and belief, Dragon Gear designs, manufactures, sells and distributes jackets that are heated with a battery pack contained in a fabric sleeve which shows the following information:

- Li-iON Battery Pack
- Model: CN-7457
- Voltage: 7.4V
- Capacity: 6700 mAh
- Input: DC 7.4V 1.5A
- Output Power: Max 25W
- Resistance Load: 40-200 $\Omega$

9. The battery pack contain four 18650 cells.

10. The battery pack is charged by plugging it into an external power source.

11. The insured, Megan Sulc, received a Gobi jacket as a gift.

12. Upon information and belief, she did not open the box that the Gobi jacket came in and did not use the jacket for two years due to, in part, being pregnant. The Gobi jacket remained in the box and packaging and was in the same condition it came in from the manufacturer until December 5, 2021.

13. On or about December 5, 2021, the Insureds opened the box for the Gobi jacket for the first time and, for the first time, plugged the battery pack for the Gobi jacket into the outlet of the home in a bedroom near their nursery.

14. Printed on the inside cover of the box are "quickstart instructions" which provide five steps to using the jacket. There are no warnings provided with the "quickstart instructions".

15. Printed underneath the "quickstart instructions" are the words "[v]iew full owner's manual at: GobiHeat.com/instructions". Upon information and belief, the internet link provided on the inside cover of the box under the "quickstart instructions" may no longer be active and/or may now be found at "gobiheat.com/pages/instruction-manuals".

3

16. Printed on the bottom of the box is the name "GOBI HEAT" in large bold letters and printed underneath in smaller print are instructions titled "[t]o reduce the risk of injury." Six of the seven bullet point instructions advise the user on how to avoid physical injury associated with wearing the jacket. The other bullet point instruction advises the user to read the user manual. None of the instructions discuss charging the battery pack.

17. Upon information and belief, these same instructions appear on the inside of the coat under the warning "safety instructions." There is no warning or instruction about charging the battery pack.

18. The cloth sleeve of the battery pack has six bullet point instructions that state:

    - Never use this battery pack if wet
    - Keep out of the reach of children
    - Battery must be fully discharged and recharged at least every three months
    - Do not attempt to use another battery pack with your GOBI Heat product
    - Do not attempt to reconfigure the battery pack
    - Not for landfill disposal please recycle appropriately.

19. Upon information and belief, the online user manual for the jacket can be found at "gobiheat.com/pages/instruction-manuals" under the "Jacket, Hoodies Vests" tab has an orange page titled "SAFETY INFORMATION" but does not address charging the battery pack or provide warnings or instructions on charging the battery pack.

20. The only items that address charging the battery pack are found under the heading titled "BATTERY CARE" and state "[f]ully charge and discharge the battery every 3 – 6 months."

21. The instructions do not state that if the product is brand new, but has sat unopened for more than 3 – 6 months, there is a chance of a fire.

22. The instructions on the box, coat, battery pack or online manual do not warn of a fire risk associated with charging the battery pack. They do not state that a fire will occur during the initial charge of the battery pack if the product has sat unopened for longer than 3 – 6 months.

23. That on December 5, 2021 the Insureds charged the battery pack, for the first time, consistent with the plain meaning of the instructions in the box, the coat, the battery pack and the online user manual.

24. That on December 5, 2021, the first time that the battery pack was charged, one of the cells in the Gobi battery pack failed and caused a fire in the Insureds' home.

25. That said fire caused damage to the Insureds' home, contents, and displaced the Insureds, their premature infant, and their dog for an extended period of time, causing them to incur additional living expenses.

26. Pursuant to the terms and conditions of the policy of insurance issued to the Insureds, Homesite has to date paid to, or on behalf of the Insureds, an amount in excess of $545,006.46 for the damage caused by the fire.

27. In consideration of payment by Homesite to the Insureds, and by operation of law, Homesite became an actual, bona fide subrogee of the Insureds and became subrogated to all of the rights, claims and interests that the Insureds may have had against any person or entity that may be liable for causing the subject fire and subsequent damages to the subject property.

**COUNT I – STRICT PRODUCT LIABILITY**

Plaintiff, for its cause against Defendant above named, reincorporates Paragraphs 1 through 27 above and further states and alleges:

5

28. On information and belief, the subject jacket and battery pack was designed, manufactured, assembled, tested, inspected, distributed, and/or introduced into the stream of commerce by the Defendant to be offered for sale to the general public and consumers, including the Insureds.

29. At the time the jacket and battery pack left the Defendant's possession and control, it was unreasonably dangerous, unsafe, and defective.

30. On December 5, 2021, the subject jacket and battery pack was in a condition unknown to the Insureds which was unreasonably dangerous, unsafe, and defective in light of its foreseeable and intended use.

31. On December 5, 2021, as a direct and proximate result of the aforementioned defective condition of the jacket and battery pack, it suddenly and catastrophically failed, causing a fire that caused damage to the structure, contents and additional living expenses to the Insureds.

32. Defendant was engaged in the business of selling heated jackets and battery packs at all relevant times.

33. The jacket and battery pack was a product that Defendant expected to and did reach the Insureds without substantial change.

34. Pursuant to its policy of insurance, Homesite paid to or on behalf of the Insureds sums in excess of $545,006.46 to repair or replace damaged or destroyed property and to otherwise compensate the Insureds for losses sustained by fire.

35. By virtue of said payments and terms of said policy of insurance, Homesite has become and is subrogated to all rights, remedies and causes of action accruing to the Insureds against Defendant.

## COUNT II – NEGLIGENCE

Plaintiff repeats, re-alleges and fully incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint, inclusive, as though fully set forth in this Count II.

36. At all material times, Defendant owed a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, and/or distribution of the subject coat and battery pack for the safety of the Insureds and their property.

37. Notwithstanding said duty, Defendant by and through its agents and/or employees, breached its duties through by manufacturing the jacket and battery pack so that it was defective and unreasonably dangerous.

38. Such negligent acts resulted in a defective condition of the jacket and battery pack at the time it left Defendant's control.

39. On December 5, 2021, as a direct and proximate result of the aforementioned defective condition of the jacket and battery pack, it suddenly and catastrophically failed, causing a substantial fire damage to the structure, contents and causing additional living expenses.

40. On December 5, 2021, as a direct and proximate result of the defective condition of the jacket and battery pack, a fire occurred, damaging the Insured's structure, personal property, and causing them to incur additional living expenses.

41. Pursuant to its policy of insurance, Homesite paid to or on behalf of the Insureds sums in excess of $545,006.46 to repair or replace damaged or destroyed property and to otherwise compensate the Insureds for losses sustained by the fire damage.

42. By virtue of said payments and terms of said policy of insurance, Homesite has become and is subrogated to all rights, remedies and causes of action accruing to the Insureds against Defendant.

## COUNT III – BREACH OF WARRANTY

Plaintiff repeats, re-alleges and fully incorporates by reference the allegations contained in paragraphs 1 through 42 of this Complaint, inclusive, as though fully set forth in this Count III.

43. Defendant extended warranties, both express and implied, to the Insureds, concerning the performance and safety of the jacket and battery pack.

44. Defendant breached said warranties because the jacket and battery pack was unsafe and unfit.

45. As a direct and proximate result of said breach of warranties, a fire occurred, damaging the Insured's structure and contents, and caused them to sustain additional living expenses.

46. Pursuant to the policy of insurance, Homesite paid to or on behalf of the Insureds sums in excess of $545,006.46 to repair or replace damaged or destroyed property and to otherwise compensate the Insureds for losses sustained by the fire.

47. By virtue of said payments and terms of said policy of insurance, Homesite has become and is subrogated to all rights, remedies and causes of action accruing to the Insureds.

## COUNT IV – FAILURE TO WARN

Plaintiff, for its cause against Defendant above named, reincorporates Paragraphs 1 through 47 above and further states and alleges:

48. On information and belief, the subject jacket and battery pack was designed, manufactured, assembled, tested, inspected, distributed, and/or introduced into the stream of commerce by the Defendant to be offered for sale to the general public and consumers, including the Insureds.

49. At the time the jacket and battery pack left the Defendant's possession and control, it was unreasonably dangerous, unsafe, and defective.

50. On December 5, 2021, the subject jacket and battery pack was in a condition unknown to the Insureds which was unreasonably dangerous, unsafe, and defective in light of its foreseeable and intended use.

51. That Defendant's warnings were inadequate and did not advise of a risk of fire associated with charging the battery pack.

52. That Defendant's warnings were inadequate and did not advise of a risk of fire associated with charging the battery pack for the first time.

53. That Defendant's warnings were inadequate and did not advise of a risk of fire associated with charging the battery pack for the first time if the product had not ever been used before but was older than 3 – 6 months.

54. That the statement in the online manual that the user should "[f]ully charge and discharge the battery every 3 – 6 months" and on the battery pack that the "[b]attery must be fully discharged and recharged at least every three months" are vague and ambiguous. They appear to be telling the user how to make the battery hold a charge for longer and do not advise the end user that this is a practice that must be followed or a fire will occur.

55. None of Defendant's instructions contain the word "fire".

56. Pursuant to its policy of insurance, Homesite paid to or on behalf of the Insureds sums in excess of $545,006.46 to repair or replace damaged or destroyed property and to otherwise compensate the Insureds for losses sustained by fire.

57. By virtue of said payments and terms of said policy of insurance, Homesite has become and is subrogated to all rights, remedies and causes of action accruing to the Insureds against Defendant.

**WHEREFORE**, Plaintiff Homesite Insurance Company of the Midwest respectfully requests Judgment by this Court, awarding it damages against Defendant Dragon Gear Inc. d/b/a Gobi Heat in the sum of **$545,006.46** plus court costs and interest per annum at the prevailing statutory rate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action on all issues so triable.

_____
Jonathon L. Beck (0076709)
Anthony V. Graber (0095691)

Respectfully submitted,

_____
Jonathon L. Beck (0076709)
Anthony V. Graber (0095691)
YOUNG & ALEXANDER CO., L.P.A.
130 W. Second Street, Ste. 1500
Dayton, Ohio 45402
(937) 224-9291 Ext. 104 (Telephone)
(937) 224-8977 (Facsimile)
Jbeck@yandalaw.com
tgraber@yandalaw.com
Attorneys for Plaintiff